UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. MAAG, | ) | Case No.: 3:05 CV 1574 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| KHELLEH KONTEH, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On June 8, 2005, William A. Maag ("Maag" or "Petitioner"), *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his October 31, 2001 conviction, for engaging in a pattern of corrupt activity, trafficking in marijuana, possession of cocaine, and aggravated burglary. This case was referred to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation ("R&R"). The Magistrate Judge issued his R&R on February 23, 2006, recommending that Maag's petition be denied on the basis that it is time-barred by the one-year statute of limitations for federal habeas corpus petitions under the Antiterorrism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, the Magistrate Judge found that the statute of limitations expired on May 3, 2004, more than one year before the instant petition was filed. Petitioner filed Objections to the R&R on March 30, 2006.

For the reasons discussed in the R&R and in this Order, the court concludes that Petitioner's Objections are not supported by law, and the petition for writ of habeas corpus must be denied.

### A. Standard of Review

The district court reviews *de novo* any objections to a Magistrate Judge's R&R in a 28 U.S.C. § 2254 case. Local Rule 72.3(b).

### B. Actual Innocence Exception

Petitioner does not dispute the Magistrate Judge's conclusion that his habeas petition was filed outside the one-year statute of limitations, as required by 28 U.S.C. § 2254. However, Petitioner argues that his § 2254 motion should nonetheless be heard because he is "actually innocent," and the Sixth Circuit has recognized an "actual innocence" exception to the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577 (6th Cir. 2004). However, the court finds Petitioner has not presented the kind of actual innocence evidence required by *Souter*.

In *Souter*, a state prisoner filed an otherwise time-barred challenge to his conviction in federal court pursuant to 28 U.S.C. § 2254. The Sixth Circuit ordered the district court to rule on the merits of the habeas petition on the basis of significant new evidence pointing to the prisoner's innocence. *See id.* The court concluded that:

> where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.

*Id.* at 602. Additionally, the Sixth Circuit in *Souter* noted that under Supreme Court precedent:

> "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup* [*v. Delo*], 513 U.S. at 324. The Court counseled however, that the actual

>       innocence exception should "remain rare" and "only be applied in the
>       'extraordinary case.'" *Id.* at 321.

*Id.* at 590.

Under this standard, Maag has failed to demonstrate actual innocence. He cites to "Exhibit B," a sixteen-page police incident report which he contends "validates the perjury" that occurred at his trial, and supports his actual innocence claim. (Pet. Obj. 7, ECF No. 34.) However, this police report is not *new* evidence; it is dated November 3, 1999, and existed at the time of Petitioner's trial. While it does not appear the report was admitted into evidence at the trial, it was available to Petitioner and his counsel at trial, and to Petitioner in his post-conviction proceedings. (*Id.* at 9.) This is not the type of "new reliable evidence" required by the Supreme Court in *Schlup.* If the report was available to Petitioner since his trial, there is no reason why he could not have filed his § 2254 petition within the one-year statute of limitations. Petitioner has made no argument, and presented no evidence, to suggest that he learned any *new* information, subsequent to the expiration of the one-year habeas statute of limitations, which suddenly made this police report evidence of actual innocence. Having missed the deadline to file his habeas claim, Petitioner now seeks to use this report to excuse his delay. Even if the court were to accept the report as new evidence, Petitioner has not shown that the information in the police incident report supports his claim of actual innocence. He points to nothing in the report, let alone the kind of scientific evidence, new physical evidence, or trustworthy eyewitness accounts required by *Souter* to establish his actual innocence. This court finds that the police incident report is not evidence of Petitioner's actual innocence sufficient to merit an exception to the AEDPA's one-year statute of limitations.

Petitioner also argues that he has newly-discovered, additional evidence supporting his actual innocence claim. This evidence is an affidavit from Jacob D. Reprogle, who appears to be an inmate at the Lima Correctional Institution. The affidavit states:

> I was at the Lima Correctional Institution and I was sitting with Barry Stauffer, Chad Valentine, Dennis Cameron, Bobby Hernandez and Tony MacClusky. We all were talking about Chad and Bobby's sentences, and Chad was worried about his plea agreement. He and Bobby were trying to get their stories to match.
>
> Chad was worried because if he didn't tell the same story as everyone else he wouldn't get his ' Judicial Release '. Him and Bobby were pressing each other for information. They both claimed they didn't know anything about the case that they were supposed to be witnesses too. But they both said: "they would do anything, or say anything they had too [sic] to get out."
>
> While I was there with them they had many, many conversations over this subject. But the reason I remember this one particular one more than the other ones is because they were waiting for the sheriff's deputy's to come pick them up. They were going to Court that day to testify. When the sheriff car pulled up they started laughing and saying that was their get out of jail free card waiting/sitting in the parking lot.

(Reprogle Aff., ECF No. 34, Ex. E.) The affidavit is dated July 12, 2004. (*Id.*) The court finds the affidavit does not establish Petitioner's actual innocence. First, it does not indicate that the subject of the discussions was Petitioner's case. Second, it does not indicate when the conversation took place. Third, there is absolutely no detail regarding the facts and circumstances the witnesses identified in the affidavit discussed. Fourth, there is nothing in their alleged discussion which indicates that Petitioner did not actually commit the crime. Fifth, the affidavit is unreliable hearsay.

Petitioner argues his actual innocence on the basis of ineffective assistance of both his trial and appellate counsel, and the lack of credibility of the witnesses against him at trial. However, these claims are the basis for Petitioner's underlying habeas claims; they do not alone establish

- 4 -

actual innocence sufficient to excuse Petitioner's failure to meet the AEDPA statute of limitations. *See Souter*, 395 F.3d at 602. They are not newly-discovered evidence of actual innocence. Petitioner argues that his appellate counsel was inadequate for failing to raise "dead bang winner" issues in his appeal, and failing to raise ineffective assistance of trial counsel in his direct appeal. However, Petitioner knew of these issues immediately after his appeal, and did not raise them in a timely manner before this court. This is not new evidence. Nor is it "actual innocence" evidence. Thus, the court concludes that Petitioner has not shown evidence of actual innocence sufficient to excuse his failure to file a federal habeas petition within the one-year AEDPA statute of limitations.

### C. Conclusion

Accordingly, after careful review of the Report and Recommendation and all other relevant materials in the file, the court finds that the Magistrate Judge's conclusion that Maag's claim is time-barred to be fully supported by the record and the controlling case law.

Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 31), supplemented by the reasoning in this Order. The court dismisses Maag's petition for a writ of habeas corpus. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 22, 2006